## The Comfort.

*(Circuit Court, E. D. New York. October 26, 1885.)*

REHEARING—APPLICATION AFTER TERM—ENTRY OF DECREE.
An application for rehearing not made during the term when final decree was entered comes too late.

Application for Rehearing. 25 Fed. Rep. 158.
*Wilcox, Adams & Macklin*, for libelants.
*R. M. Sherman*, for claimant.

BLATCHFORD, Justice. In this case, which is a suit in admiralty, there was a decree in the district court in favor of the libelants, from which the claimant appealed to this court. The appeal was heard in June, 1885, and the decision of this court was filed July 8, 1885, directing a decree in favor of the libelants, to the same effect with that of the district court, with costs in this court. The decree of this court was, on notice to the proctor for the claimant, signed by the judge, and filed and entered in this court on the fifteenth of July, 1885. It decreed that the libelants recover against the yacht and her claimant $248.23, with interest from August 13, 1884, amounting to $13.65, and $192.80 costs in the district court, and $58.49 costs in this court; and awarded execution therefor. It also decreed that as there was then in the registry of this court $274, deposited by the claimant to the credit of this action, in lieu of the yacht, and as security for the claim of the libelants, and as security for the costs of the clerk of the district court, to-wit, $15.50, and the marshal's costs, taxed at $100, had been paid by the claimant, the clerk of this court should pay to the libelants, out of the moneys so deposited,

$261.98, and that the stipulators for costs on the part of the claimant should cause the engagements of their stipulations to be performed, or show cause why execution should not issue according to their stipulations. On the sixteenth of July, 1885, pursuant to the decree, the clerk paid to the proctors for the libelants, the $261.98, out of the moneys so deposited. A certified copy of the decree of this court as entered was served on the proctor for the claimant on July 16, 1885, and service admitted by him in writing. The decree being unsatisfied as to costs, and no cause being shown by the sureties on the bond on appeal why the engagements of their stipulations should not be performed, and execution issue, a judgment was filed and entered in this court, on August 6, 1885, against the two sureties in said bond, for $250, the amount thereof, with a provision for execution. Execution against the sureties was issued August 7, 1885, to the marshal of the Southern district of New York, and was returned by him September 2, 1885, *nulla bona.* An *alias* execution has since been issued. No step was taken by the claimant to obtain a rehearing of the appeal herein, until September 24, 1885. Under an application then instituted, a motion has been made for a rehearing on one question involved in the appeal on the merits of the case.

Under the rule laid down in *Bronson* v. *Schulten,* 104 U. S. 410, this application comes too late, because not made during the term when the final decree of July 15, 1885, was entered. The terms of this court are fixed by statute (Rev. St. § 658, p. 122, 2d Ed.) to be held on the first Wednesday in every month. Besides this, after the decree had been served personally on the proctor for the claimant, on July 16, 1885, there should have been a prompt movement to apply for a rehearing, if desired, before any judgment against the sureties was entered. It is proper to say that I see no reason to question the correctness of the decision, made on the point sought to be reargued. As before held, the pleadings are such as not to permit it to be raised, and, if it were open, the decision of the court of appeals of New York, in *Gay* v. *Seibold,* 97 N. Y. 472, establishes that the statute invoked does not apply to this case.

The application for a rehearing is denied.