## THE ANNEX No. 3.[1]

### HOGG v. THE PENNSYLVANIA ANNEX No. 3.

*(Circuit Court, E. D. New York. March 8, 1889.)*

ADMIRALTY—PRACTICE—MOTION FOR NEW TRIAL.

> A motion for a new trial in an admiralty cause in this court comes too late if made after the term in which the final decree was entered

In Admiralty. On motion for new trial. 35 Fed. Rep. 560.

*Evarts, Choate & Beaman,* for libelant and appellant.

*Goodrich, Deady & Goodrich* and *R. D. Benedict,* for claimant and appellee.

BLATCHFORD, J. In this case a decree dismissing the libel was entered on the 20th of July, 1888. On the 28th of July, 1888, and during the same term at which the decree was entered, affidavits made by William J. Dalton, Andrew Clemens, and Treadwell Cleveland, were presented to me, and on them I made an order that the claimant show cause on October 1, 1888, why the decree should not be vacated, and a new trial had, and why the libelant should not have leave to take the testimony of Dalton and Clemens as to the facts set forth in their said affidavits, and such other and further testimony as he might be advised, for use on such new trial. Further affidavits were served by the libelant for use on the motion so pending. In response to the order the parties appeared, affidavits were put in by the claimant, affidavits in reply by the libelant, and rebutting affidavits again by the claimant. The motion was fully heard by me on oral argument in December, 1888, and I have since been furnished with full written briefs by both parties. At the close of the oral argument I distinctly intimated my view that the motion could not be granted. On a careful review of the case, I am still of that opinion. The briefs submitted to me cover not only the questions raised by the special affidavits furnished by the libelant for the motion, but to some extent other questions on the merits involved in the hearing which resulted in the decree. I have carefully reviewed the whole case, and am still of the opinion announced by me in my decision herein, filed July 5, 1888, (35 Fed. Rep. 560,) "that the libelant has not established by sufficient proof the allegation of the libel that the steam-boat or ferry-boat known as the 'Pennsylvania Annex Boat No. 3,' on the occasion mentioned in the libel, ran into and upon the steam-ship mentioned in the libel, and then called the 'Western Texas,' and caused damage and injury to her."

On the 5th of February, 1889, and after I had been furnished with the papers and briefs on the motion above mentioned, the libelant presented to me certain affidavits, namely, that of William F. Ward, sworn

---

[1]Reported by Edward G. Benedict, Esq., of the New York bar.

to January 29, 1889; that of Frederick A. Tappen, sworn to January 30, 1889; that of George Cavan, sworn to January 31, 1889; and that of Treadwell Cleveland, sworn to February 4, 1889,—upon which I was asked to make an order that the claimant show cause why the decree herein should not be vacated, and a new trial be had, and why the libelant should not have leave to take the testimony of the said Ward and Cavan as to the facts set forth in their said affidavits, and such other and further testimony as he might be advised, for use on such new trial; and that the libelant have permission to serve upon the proctors for the claimant any other affidavits upon which to base said application. On the 25th of February, 1889, two other affidavits were presented to me by the libelant, as intended to be used on the last proposed motion, namely, that of Henry Beam, sworn to February 23, 1889, and that of Louis A. Newcomb, sworn to February 23, 1889. I have marked those six affidavits as having been filed with me on the several days above mentioned, and direct them to be filed with the clerk of this court. The motion covered by this last proposed order comes too late, because it is not made during the term in which the final decree was entered. It must be regarded as a new and independent motion, not initiated until February, 1889, more than six months after the close of the term at which the final decree was entered. The terms of this court are fixed by statute (Rev. St., 2d Ed., § 658, p. 122) to be held on the first Wednesday in every month. The rule laid down in *Bronson* v. *Schulten*, 104 U. S. 410, is applicable here; and it was applied by this court in a similar case,—in *The Comfort*, 23 Blatchf. 371. In *Bronson* v. *Schulten* the suit was one at law, and it was there stated to be a well-established rule "that, after the term has ended, all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them; and if errors exist they can only be corrected by such proceedings by writ of error or appeal as may be allowed in a court which, by law, can review the decision." This rule is equally applicable to suits in admiralty. The only rule of practice on the subject contained in the rules in admiralty prescribed by the supreme court of the United States is that found in rule 40, which provides that in case of a decree by default a rehearing may be granted at any time within 10 days after the entry of the decree. Rule 88 of the rules of practice in equity prescribed by the supreme court provides as follows:

"No rehearing shall be granted after the term at which the final decree of the court shall have been entered and recorded, if an appeal lies to the supreme court. But if no appeal lies the petition may be admitted at any time before the end of the next term of the court, in the discretion of the court."

By rule 155 of the rules of the district court for the Southern district of New York it is provided that "a rehearing will not be granted in any matter in which a decree has been rendered, unless application is made at the term at which the decree is pronounced, or there is a stay of proceedings by order of the judge." By rule 136 of the rules of the circuit court for the Southern district of New York it is provided

that in civil causes in admiralty the rules of practice of the district court for that district are adopted as rules of practice in the circuit court; and by rule 21 of the rules of this court it is provided that in civil causes in admiralty the rules of the district court for the Southern district of New York are adopted as rules of practice in this court. The proposed order to show cause cannot be granted, nor can the motion covered by it be entertained.